**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CURTIS S. THOMPSON, | No. 12-35793 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-01065-JCC |
| v. | |
| JOHN TAYLOR HICKS, Attorney, Office of Public Defense; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, Senior District Judge, Presiding

Argued and Submitted August 27, 2014
Seattle, Washington

Before: NOONAN, GRABER, and CHRISTEN, Circuit Judges.

Curtis S. Thompson appeals the district court's order dismissing several of

his claims under 42 U.S.C. § 1983 for failure to state a claim and its order allowing

evidence at trial of his alleged prior bad acts and prior convictions. We have

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

jurisdiction under 28 U.S.C. § 1291. We affirm in part and reverse and remand in part.

We review de novo a district court's dismissal for failure to state a claim. *Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1041 (9th Cir. 2010). We recognize that "[c]ourts in this circuit have an obligation to give a liberal construction to the filings of pro se litigants." *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). We conclude that the district court should not have dismissed Thompson's § 1983 claim for deliberate indifference to serious medical conditions. Thompson's multiple complaints alleged that he sent many requests for medical care to jail staff over a two-year period to treat painful "infections on [his] head and backside" and "finger and toenails" and that had jail staff responded to those requests, his condition could have been treated with an antibiotic or over-the-counter medication. Thompson also pled that B. Sanders, the jail's medical director, who presumably was responsible for triage, and other unknown John Does, were responsible for refusing to see and treat him. Those facts were sufficient to state a claim under § 1983.

The district court properly dismissed Thompson's Fourth Amendment claim of unlawful search and seizure, as barred by *Heck v. Humphrey*. 512 U.S. 477 (1994). As this court held in *Harvey v. Waldron*, "a § 1983 Fourth Amendment

claim alleging illegal search and seizure does not accrue under *Heck* until the criminal charges have been dismissed." 210 F.3d 1008, 1015 (9th Cir. 2000), *overruled in part on other grounds by Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

The district court properly dismissed Thompson's First Amendment claim of unlawful retaliation. Thompson failed to assert that the seizure of his possessions "did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). He stated only that "no reasons [were] given" for taking his belongings. That no reason was given does not suggest that the seizure served no legitimate correctional purpose. Indeed, the alleged actions did advance a legitimate correctional goal as Thompson's property was taken, in accordance with protocol, to move him from disciplinary deadlock, and held because he was soon thereafter involved in a fight in the jail and moved again.

The district court properly dismissed Thompson's claim of municipal liability for a pattern or practice of abuse against restrained inmates. Thompson merely asserted that the jail had a "policy and custom" of abusing restrained inmates. However, he failed to allege facts supporting the existence of such a pattern or practice, such as that King County had an actual policy of abusing restrained inmates or that the jail director knew of the purported pattern of abuse

-3-

Thompson is challenging, despite Thompson's being given multiple opportunities to amend his complaint.

We review for abuse of discretion a district court's evidentiary rulings. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*, 637 F.3d 939, 953 (9th Cir. 2011). Thompson alleged that the district court admitted evidence of his prior bad acts and convictions in violation of Federal Rules of Evidence 404, 609, and 403. We conclude that the district court did not abuse its discretion. Under this court's ruling in *Jackson v. City of Bremerton*, "officers may only use such force as is 'objectively reasonable' under the circumstances." 268 F.3d 646, 651 (9th Cir. 2001) (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)). The officers' personal knowledge of Thompson's past was relevant to the reasonableness of their use of force, as well as for impeachment purposes, even if Thompson had not opened the door. Further, the district court's admission of Thompson's criminal history was not an abuse of discretion under Federal Rule of Evidence 403, as it conducted the required 403 analysis and reasonably concluded that the probative value of the officers' testimony was not substantially outweighed by the danger of prejudice to Thompson.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**

Each party shall bear its own costs.